UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BETHANY BARRETT,<br><br>                Plaintiff,<br><br>v.<br><br>GREATER ROCHESTER IMMEDIATE MEDICAL CARE, PLLC, D/B/A ROCHESTER IMMEDIATE CARE AND CHRISTOPHER PAGAN,<br><br>                Defendants. | Case No. 17-cv-6542<br><br>**DECLARATION OF ANTHONY LADUCA, ESQ. IN SUPPORT OF MOTION TO ENFORCE THE SETTLEMENT** |

Anthony LaDuca, of full age, pursuant to 28 U.S.C. §1746, declares under penalty of perjury as follows:

1. I am an attorney at LaDuca Law Firm in Rochester, New York. I represented Plaintiff Bethany Barrett ("Barrett") in connection with her claims before the New York State Division on Human Rights and in subsequent settlement negotiations with Defendants Greater Rochester Immediate Medical Care and Christopher Pagan ("collectively, "Defendants").

2. I make this affidavit in support of Defendants' motion to enforce the settlement in this matter.

3. Plaintiff and Defendants participated in a voluntary and private mediation before Steven V. Modica on May 1, 2017.

4. Although the mediation was not successful, in or about June 2017, counsel for Defendants, Martin W. Aron, contacted me to discuss potential avenues for resolution of Plaintiff's claims against Defendants.

5. I conferred with Mr. Modica and Plaintiff regarding potential resolution. At that time, Plaintiff communicated to me her "bottom-line" number to resolve the matter. Thereafter, I communicated that "bottom-line" number to Mr. Aron.

6. Mr. Aron accepted Plaintiff's "bottom-line" number.

7. On June 9, 2017, I received a draft Confidential Settlement Agreement memorializing the specific terms of the settlement between Plaintiff and Defendants from Mr. Aron.

8. After reviewing the terms of settlement with Plaintiff, I contacted Defendants to request that a neutral reference provision be included in the agreement. Plaintiff accepted all other terms of the Agreement.

9. On June 16, 2017, Defendants sent me a revised Confidential Settlement Agreement with the requested language.

10. Although Plaintiff previously agreed to the terms of the Confidential Settlement Agreement, Plaintiff refused to execute the written Confidential Settlement Agreement and consulted with another attorney.

11. Accordingly, the terms of the Confidential Settlement Agreement were agreed upon by the parties and the matter was settled. For that reason, I would not file a lawsuit in federal district court because the parties had settled the matter.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*Anthony LaDuca*