**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BETHANY BARRETT,<br><br>     Plaintiff,<br><br>  v.<br><br>GREATER ROCHESTER IMMEDIATE MEDICAL CARE, PLLC, D/B/A ROCHESTER IMMEDIATE CARE AND CHRISTOPHER PAGAN,<br><br>     Defendants. | Case No. 17-cv-6542<br><br>**DECLARATION OF MARTIN W. ARON, ESQ. IN SUPPORT OF DEFENDANTS' MOTION DISMISS AND TO ENFORCE THE SETTLEMENT** |

    Martin W. Aron, of full age, pursuant to 28 U.S.C. §1746, declares under penalty of perjury as follows:

    1. I am a principal with the law firm Jackson Lewis P.C., attorneys for Defendants Greater Rochester Immediate Medical Care and Christopher Pagan ("collectively, "Defendants") in the above-entitled action and I am familiar with the facts and circumstances in this action.

    2. I make this affidavit in support of Defendants' motion to dismiss Plaintiff's complaint and enforce the settlement in this matter.

    3. Plaintiff Bethany Barrett ("Plaintiff") filed a complaint against Defendants with the New York State Division of Human Rights ("NYSDHR") on or about April 6, 2016, alleging discrimination, harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII") and the New York State Human Rights Law, New York Executive Law § 290, et seq. ("NYSHRL"). Plaintiff was represented by counsel, Anthony LaDuca, in the proceedings before the NYSDHR.

4. On September 13, 2016, the NYSDHR issued a probable cause determination in the matter, and referred the case to public hearing.

5. On February 3, 2017, Mr. LaDuca submitted a letter to the NYSDHR requesting that they dismiss the complaint for administrative convenience so that Plaintiff could pursue an action in federal court. Defendants joined in this request for dismissal by way of letter to the NYSDHR dated April 3, 2017.

6. On April 5, 2017, Administrative Law Judge Edward Luban recommended that the case be dismissed for administrative convenience. This recommendation was adopted by Helen Diane Foster, Commissioner, NYSDHR, on April 20, 2017.

7. Following the NYSDHR's dismissal, I reached out to Mr. LaDuca to request that the parties attend mediation to see if the matter could be resolved before Plaintiff filed litigation in federal court.

8. On May 1, 2017, Plaintiff and Defendants participated in a voluntary and private mediation before Steven V. Modica. Plaintiff attended the mediation with her attorney, Mr. LaDuca.

9. The matter was not resolved at mediation.

10. Following the mediation, I contacted Mr. LaDuca to discuss his client's failure to provide any response to the offer made by Defendants at the mediation. Mr. LaDuca conferred with Mr. Modica and Plaintiff regarding potential resolution and Plaintiff gave Mr. LaDuca her "bottom-line" number. Mr. LaDuca thereafter communicated that "bottom-line" number to me.

11. On May 30, 2017, I communicated my client's acceptance of Plaintiff's "bottom-line" number to Mr. LaDuca.

12. On June 9, 2017, I sent Mr. LaDuca a draft Confidential Settlement Agreement memorializing the specific terms of the settlement between Plaintiff and Defendants, including, but not limited to, a release of any and all claims under Title VII or the NYSHRL, and non-disparagement, confidentiality, no re-application, no re-hire and neutral reference provisions.

13. After reviewing the terms of settlement with his client, Mr. LaDuca contacted Defendants on June 13, 2017, to request that a neutral reference provision be included in the agreement.

14. On June 16, 2017, Defendants sent Mr. LaDuca a revised Confidential Settlement Agreement with the requested language.

15. Despite the fact that the terms of settlement were negotiated and agreed upon, Plaintiff subsequently refused to execute the written Confidential Settlement Agreement and consulted with another attorney.

16. Mr. LaDuca advised that his position was that the matter was settled and the terms of the Confidential Settlement Agreement were agreed upon by the parties. Mr. LaDuca further advised that he informed his client that he would not file a lawsuit in federal district court because the parties had settled the matter.

17. On August 14, 2017, Plaintiff filed a <u>pro se</u> complaint in the United States District Court for the Western District of New York asserting claims under Title VII and the NYSHRL.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

s/Martin W. Aron
Martin W. Aron

Dated: October 12, 2017
4812-0590-5489, v. 1