UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BETHANY BARRETT,

        Plaintiff,

    v.

GREATER ROCHESTER IMMEDIATE MEDICAL CARE, PLLC, D/B/A ROCHESTER IMMEDIATE CARE AND CHRISTOPHER PAGAN,

        Defendants.

Case No. 17-cv-6542

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT AND TO ENFORCE THE PARTIES' SETTLEMENT

Jackson Lewis, P.C.
666 Third Avenue, 29th Floor
New York, New York 10017
(973)538-6890

Martin W. Aron, Esq.
ATTORNEYS FOR DEFENDANTS

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................................1

STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY ................................2

LEGAL ARGUMENT ..............................................................................................................5

POINT I .....................................................................................................................................5

       THE COURT SHOULD DISMISS THIS ACTION WITH
       PREJUDICE BECAUSE THE CASE IS SUBJECT TO A
       CONFIDENTIAL SETTLEMENT. ............................................................................5

POINT II ...................................................................................................................................8

       THE COURT SHOULD ENFORCE THE CONFIDENTIAL
       SETTLEMENT BETWEEN THE PARTIES............................................................8

       A.    New York Public Policy Requires Courts To Enforce
            Settlement Agreements Whenever Possible. ..................................................8

       B.    The Settlement Reached By The Parties Is Binding And
            Enforceable. ...................................................................................................10

            1.    Plaintiff Did Not Expressly Reserve Her Right Not
                 to Be Bound In The Absence Of A Writing. ..................................10

            2.    The Parties Undertook Partial Performance. .................................11

            3.    The Settlement Agreed Upon Contained All
                 Material Terms................................................................................12

            4.    The Parties' Agreement Did Not Need To Be
                 Reduced To Writing........................................................................13

CONCLUSION........................................................................................................................14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Baba v. Warren Mgmt. Consultants, Inc.,
   882 F. Supp. 339 (S.D.N.Y. 1995) ..........................................................................................7

Bachiller v. Turn On Products, Inc.,
   2003 U.S. Dist. LEXIS 6164 (S.D.N.Y. Apr. 14, 2003)............................................................8

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007)..................................................................................................................5

Bormann v. AT & T Communications, Inc.,
   875 F.2d 399 (2d Cir. 1989)........................................................................................5, 6, 7, 8

Ciaramella v. Reader's Digest Ass'n, Inc.,
   131 F.3d 320 (2d Cir. 1997)......................................................................................................9

Evans v. Waldorf-Astoria Corp.,
   827 F. Supp. 911, 913 (E.D.N.Y. 1993) ...................................................................................7

Interpharm v. Wells Fargo Bank, Nat'l Ass'n,
   655 F.3d 136 (2d Cir. 2011)......................................................................................................5

Jackson v. Heidelberg L.L.C.,
   296 Fed. Appx. 102 (2d Cir. 2008).........................................................................................12

Kowalchuk v. Stroup,
   873 N.Y.S.2d 43 (1st Dept. 2009) ..........................................................................................11

Kramer v. Vendome Grp. LLC,
   2012 U.S. Dist. LEXIS 147375 (S.D.N.Y. Oct. 4, 2012) .........................................................6

Laniok v. Advisory Comm. of Brainerd Mfg. Co. Pension Plan,
   935 F.2d 1360 (2d Cir. 1991)....................................................................................................5

Laramee v. Jewish Guild for Blind,
   72 F. Supp. 2d 357 (S.D.N.Y. 1999)........................................................................................6

Willgerodt ex rel. Majority Peoples' Fund for 21st Century, Inc. v. Hohri,
   953 F. Supp. 557 (S.D.N.Y. 1997) ..........................................................................................9

Mandavia v. Columbia Univ.,
   2013 U.S. Dist. LEXIS 77576 (S.D.N.Y. June 3, 2013)...........................................................7

Matusovsky v. Merrill Lynch,
    186 F. Supp. 2d 397 (S.D.N.Y. 2002)..............................................................................7

McNamara v. Tourneau, Inc.,
    464 F. Supp. 2d 232 (S.D.N.Y. 2006)..........................................................................8, 9

Monaghan v. SZS 33 Assocs., L.P.,
    73 F.3d 1276 (2d Cir. 1996)............................................................................................8

Morefun Co., Ltd., v. Mario Badescu Skin Care Inc.,
    2014 U.S. Dist. LEXIS 77710 (S.D.N.Y. June 6, 2014)..................................................5

Nieves v. Cmty. Choice Health Plan of Westchester, Inc.,
    2011 U.S. Dist. LEXIS 132175 (S.D.N.Y. Aug. 31, 2011)............................................13

Powell v. Omnicom,
    497 F.3d 124 (2nd Cir. 2007).................................................................................8, 9, 10

Prunella v. Carlshire Tenants, Inc.,
    94 F. Supp. 2d 512 (S.D.N.Y. 2000)................................................................................6

R.G. Group, Inc. v. Horn & Hardart Co.,
    751 F.2d 69 (2nd Cir. 1984)...........................................................................................11

Rahman v. Kaplan Cornelia, Inc.,
    2014 U.S. Dist. LEXIS 17449 (S.D.N.Y. Feb. 11, 2014)..........................................9, 11

Sprint Communs. Co. L.P. v. Jasco Trading, Inc.,
    5 F. Supp. 3d 323 (E.D.N.Y. 2014) ...............................................................................12

Steinfeld v. IMS Health Inc.,
    2014 U.S. Dist. LEXIS 56178 (S.D.N.Y. Feb. 14, 2014)..............................................13

U.S. Fire Ins. Co. v. Pierson & Smith, Inc.,
    2007 U.S. Dist. LEXIS 92192 (S.D.N.Y. Dec. 17, 2007) ...............................................9

U.S. v. Bank of New York,
    14 F.3d 756 (2d Cir. 1994)...............................................................................................9

Williams v. City of New York,
    2015 U.S. Dist. LEXIS 136371 (E.D.N.Y. Sept. 9, 2015).............................................12

Winston v. Mediafare Entm't Corp.,
    777 F.2d 78 (2d Cir. 1985).........................................................................9, 10, 11, 12, 13

**Statutes**

Title VII of the Civil Rights Act of 1964 ("Title VII"),
 42 U.S.C. §§ 2000e, et seq............................................................................2, 3, 4, 5, 6, 7, 8, 11

New York State Human Rights Law ("NYSHRL"),
 New York Executive Law § 290, et seq. .......................................................2, 3, 4, 5, 6, 7, 12

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)..................................................................................................................5

# PRELIMINARY STATEMENT

This matter has been mediated and settled pursuant to a confidential agreement. By filing the present complaint in the United States District Court in the Western District of New York, Plaintiff Bethany Barrett ("Plaintiff") is attempting to renege upon the representations through counsel that her claims against Defendants Greater Rochester Immediate Medical Care ("GRIMC") and Christopher Pagan ("Pagan") (collectively, "Defendants") are extinguished and subject to a valid and binding confidential settlement.

Plaintiff agreed to settle this matter for an amount agreed to by the parties; actively negotiated the terms of the settlement and the Confidential Negotiated Settlement Agreement & General Release ("Agreement") memorializing those terms; and, voluntarily and knowingly agreed to all of the terms of the confidential Agreement, including a release of all claims. In fact, the terms of settlement were fully concluded. Defendants were merely awaiting receipt of a signed Agreement when Plaintiff's former counsel, Anthony LaDuca ("LaDuca"), advised that Plaintiff refused to execute the Agreement negotiated through her counsel.

As set forth in more detail below, the parties reached a valid and binding Agreement that precludes the relief sought by Plaintiff in her complaint. Accordingly, Plaintiff's complaint should be dismissed in its entirety with prejudice. Further, the settlement reached by the parties should be enforced by the Court. Indeed, an analysis of the factors required to determine whether an oral contract is binding overwhelmingly weigh in favor of enforcement:

- Plaintiff did not expressly reserve her right not to be bound in the absence of a writing;
- There has been partial performance of the Agreement;
- All of the terms of the Agreement have been agreed to by the parties; and,
- The Agreement did not need to be reduced to writing as the parties intended to be bound by the Agreement.

1

Accordingly, Defendants request that their motion to dismiss Plaintiff's complaint in its entirety with prejudice and enforce the Agreement be granted.

**STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY**

Plaintiff, formerly employed as an LPN by GRIMC, filed a complaint against Defendants with the New York State Division of Human Rights ("NYSDHR") on or about April 6, 2016, alleging discrimination, harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII") and the New York State Human Rights Law, New York Executive Law § 290, et seq. ("NYSHRL").[1] (Complaint, ¶¶ 8, 10, 13, and Attachments 2 and 3, Docket Entry No. 1; Declaration of Martin W. Aron ("Aron Decl."), ¶3). Plaintiff was represented by Mr. LaDuca in the proceedings before the NYSDHR. (Aron Decl., ¶3; Declaration of Anthony LaDuca ("LaDuca Decl."), ¶1).

On September 13, 2016, the NYSDHR issued a probable cause determination in the matter, and referred the case to public hearing. (Complaint, Attachment 4; Aron Decl., ¶4). Prior to the public hearing, however, Mr. LaDuca requested that the NYSDHR dismiss the complaint for administrative convenience so that Plaintiff could pursue an action in federal court. (Aron Decl., ¶5). Defendants joined in this request for dismissal. (Id.). In accordance with the parties' request, Administrative Law Judge Edward Luban recommended that the case be dismissed for administrative convenience. (Id., ¶6). This recommendation was adopted by Helen Diane Foster, Commissioner, NYSDHR, on April 20, 2017. (Id.).

Following the NYSDHR's dismissal, the parties discussed potential resolution of this matter prior to incurring the cost and expense of proceeding through litigation in federal court. (Id., ¶7). To assist in these efforts, on May 1, 2017, the parties participated in a voluntary

---

[1] To the extent the facts included herein are taken Plaintiff's complaint, and shall be considered true for purposes of this motion only, Defendants reserve the right to contest the truth of each and every allegation (factual or otherwise) contained in the complaint should this motion be denied.

and private mediation before Steven V. Modica in Rochester, New York. (Id., ¶8; LaDuca Decl., ¶3). Plaintiff attended the mediation with her attorney, Mr. LaDuca. (Aron Decl., ¶8). While the case did not resolve at the mediation, negotiations proceeded through counsel. (Id., ¶9). Specifically, following the mediation, Mr. LaDuca conferred with Mr. Modica and Plaintiff regarding potential resolution and Plaintiff gave Mr. LaDuca her "bottom-line" number. (Id., ¶10; LaDuca, ¶4). Mr. LaDuca communicated that "bottom-line" number to Defendants, which Defendants accepted. (Aron Decl., ¶10; LaDuca Decl., ¶¶5-6).

Defendants' counsel prepared a confidential Agreement memorializing the terms of the settlement between the parties, including, but not limited to, a release of any and all claims under Title VII or the NYSHRL. (Aron Decl., ¶12). The Agreement was forwarded to Mr. LaDuca on June 9, 2017. (Aron Decl., ¶12; LaDuca Decl., ¶7). After reviewing the terms of settlement with his client, Mr. LaDuca contacted Defendants on June 13, 2017, to request that a neutral reference provision be included in the agreement. (Aron Decl., ¶13; LaDuca Decl., ¶8). Defendants promptly sent Mr. LaDuca a revised Agreement with the requested language on June 16, 2017.[2] (Aron Decl., ¶14; LaDuca Decl., ¶9). No other changes were requested or required to reflect the agreed upon settlement.

Despite the fact that the terms of settlement were negotiated and fully concluded, Plaintiff subsequently refused to execute the written Agreement. (LaDuca Decl., ¶10). Instead, according to her former counsel, she chose to consult with another attorney. (Aron Decl., ¶15; LaDuca Decl., ¶10). Mr. LaDuca advised Defendants that his position was that the matter was settled and the terms of the Agreement were agreed upon by the parties. (Aron Decl., ¶16; LaDuca Decl., ¶11). Mr. LaDuca further advised that he informed his client that he would not

---

[2] Given the confidential nature of the settlement reached by the parties, a copy of the Confidential Negotiated Settlement Agreement & General Release is being provided to the Court under separate cover with a motion to seal the document.

3

file a lawsuit in federal district court on her behalf because the parties had settled the matter. (Id.).

Despite the conclusion of a fully binding confidential settlement, on August 14, 2017, Plaintiff filed a pro se complaint in the United States District Court for the Western District of New York asserting claims under Title VII and the NYSHRL. (Complaint; Aron Decl., ¶ 17). The claims asserted by Plaintiff in her complaint are identical to those asserted in the complaint filed with the NYSDHR, which were resolved by the parties.

# LEGAL ARGUMENT

## POINT I

### THE COURT SHOULD DISMISS THIS ACTION WITH PREJUDICE BECAUSE THE CASE IS SUBJECT TO A CONFIDENTIAL SETTLEMENT.

In the fully binding confidential settlement reached by the parties, Plaintiff agreed to release any and all claims against Defendants including, but not limited to, the claims asserted in Plaintiff's complaint pursuant to Title VII and the NYSHRL. Given her release of these claims, Plaintiff is not entitled to the relief requested in the complaint.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may seek dismissal of a pleading where the pleading fails to state a claim upon which relief may be granted. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint is properly dismissed where, as a matter of law, there is no "entitlement to relief." Twombly, 550 U.S. at 558. Here, Plaintiff cannot establish an "entitlement to relief" due to her release of claims.

Under New York law, "a valid release constitutes a complete bar to an action on a claim which is the subject of the release." Morefun Co., Ltd., v. Mario Badescu Skin Care Inc., 2014 U.S. Dist. LEXIS 77710, at *4 (S.D.N.Y. June 6, 2014) (citing Interpharm v. Wells Fargo Bank, Nat'l Ass'n, 655 F.3d 136, 142 (2d Cir. 2011)), aff'd, 588 F. App'x 54 (2d Cir. 2014). "[S]o long as the waiver is made knowingly and voluntarily," an employee will be barred from subsequently asserting his or her federal discrimination claims in another forum. Laniok v. Advisory Comm. of Brainerd Mfg. Co. Pension Plan, 935 F.2d 1360, 1365 (2d Cir. 1991).

To determine whether an employee releases his or her claims knowingly and voluntarily, Courts generally apply a "totality of the circumstances" test. See Bormann v. AT &

T Communications, Inc., 875 F.2d 399 (2d Cir. 1989). In Bormann, the Second Circuit noted this "totality of the circumstances" test includes the following seven factors:

> 1) the plaintiff's education and business experience, 2) the amount of time the plaintiff had possession of or access to the agreement before signing it, 3) the role of plaintiff in deciding the terms of the agreement, 4) the clarity of the agreement, 5) whether the plaintiff was represented by or consulted with an attorney, . . . 6) whether the consideration given in exchange for the waiver exceeds employee benefits to which the employee was already entitled by contract or law . . . [, and 7)] whether [the] employer encourage[d] or discourage[d] [the] employee to consult an attorney, and whether the employee had a fair opportunity to do so.

Id. at 403 (internal citations omitted). These factors, however, are "neither exhaustive nor must all of the factors be satisfied before a release is enforceable." Laramee v. Jewish Guild for Blind, 72 F. Supp. 2d 357, 360 (S.D.N.Y. 1999). Here, it is unquestionable that the balance of the Bormann factors tips decidedly in Defendants' favor.

First, Plaintiff's employment by GRIMC as an LPN supports an inference that she understood the terms of the Agreement wherein she agreed to release her claims under Title VII and the NYSHRL. (Complaint, ¶¶8, 10, 13). It is well-established that "a party need not have had a higher education degree or substantial business experience for [the first Bormann] factor to weigh in favor of upholding a release." Kramer v. Vendome Grp. LLC, 2012 U.S. Dist. LEXIS 147375, at *3 (S.D.N.Y. Oct. 4, 2012) (where the plaintiff worked at a publishing company as an editor, the court found that the plaintiff "sufficient intelligence, ability, and experience to be capable of understanding the [r]elease"); Prunella v. Carlshire Tenants, Inc., 94 F. Supp. 2d 512, 516 (S.D.N.Y. 2000) (finding that a building superintendent was "capable of understanding the text and ramifications of the stipulation he signed"). Accordingly, the first Bormann factor weighs in favor of Defendants.

The second and third Bormann factors also weigh in favor of Defendants. Plaintiff had sufficient time to review and consider the Agreement and, in fact, negotiated through counsel the terms of the Agreement. (Aron Decl., ¶¶12-14; LaDuca Decl., ¶¶7-9). See Mandavia v. Columbia Univ., 2013 U.S. Dist. LEXIS 77576, at *7 (S.D.N.Y. June 3, 2013), aff'd, 556 F. App'x 56 (2d Cir. 2014) (recognizing that "a few days will suffice, . . . and that even a few hours can suffice" to find that a plaintiff had sufficient time to review an agreement and that "modifications to the terms of [an] Agreement [negotiated by counsel]. . . are fairly attributable to [the] [p]laintiff"); see also Evans v. Waldorf-Astoria Corp., 827 F. Supp. 911, 913 (E.D.N.Y. 1993) (release held to be valid even though the plaintiff only had the agreement for a few hours), aff'd, 33 F.3d 49 (2d Cir. 1994).

With respect to the fourth Bormann factor, the language of the release agreed to by Plaintiff is clear and unambiguous that all claims previously asserted before the NYSDHR by Plaintiff in her complaint filed with the NYSDHR were released. In addition, Plaintiff specifically released all claims under Title VII or the NYSHRL. (Aron Decl. ¶12). See Matusovsky v. Merrill Lynch, 186 F. Supp. 2d 397, 400 (S.D.N.Y. 2002) (release stating that plaintiff "release[s] and give[s] up any and all claims which [the plaintiff] may have against [the defendant,] . . . including those of which [the plaintiff is] not aware and those not mentioned in this release," was enforceable because it was "clear and unambiguous" and "written in plain English"). Thus, the fourth Bormann factor weighs in favor of Defendants.

It is also undisputed that Plaintiff consulted with an attorney, Mr. LaDuca, in connection with the preparation and negotiation of the Agreement. (Aron Decl., ¶¶ 7-15; LaDuca Decl., ¶¶11). Accordingly, the fifth and seventh factors weigh in favor of Defendants. See Baba v. Warren Mgmt. Consultants, Inc., 882 F. Supp. 339, 344 (S.D.N.Y. 1995)

(dismissing complaint where the "plaintiff was represented by a lawyer when she agreed to sign the waiver . . . [and] the release clearly expresse[d] the breadth of the release"). Finally, pursuant to the Agreement, Plaintiff is to receive valuable consideration in connection with her release of claims, which she would not otherwise receive. See Bachiller v. Turn On Products, Inc., 2003 U.S. Dist. LEXIS 6164, at *4 (S.D.N.Y. Apr. 14, 2003) (finding that receipt of compensation that a plaintiff was not otherwise entitled to was sufficient consideration). Therefore, the sixth Bormann factor weighs in favor of Defendants and enforcement of the release.

Accordingly, because Plaintiff knowingly and voluntarily released her Title VII and NYSDHR claims against Defendants, Plaintiff's complaint must be dismissed in its entirety with prejudice.

## POINT II

### THE COURT SHOULD ENFORCE THE CONFIDENTIAL SETTLEMENT BETWEEN THE PARTIES.

The parties in this matter reached a valid and binding Agreement. As set forth in more detail below, public policy favors the enforcement of settlements, such as the settlement between the parties in the present matter. Further, application demonstrates that the Agreement between the parties should be enforced.

**A.      New York Public Policy Requires Courts To Enforce Settlement Agreements Whenever Possible.**

Under New York law, a settlement agreement is interpreted according to general principles of contract law.[3] See Powell v. Omnicom, 497 F.3d 124, 128 (2nd Cir. 2007).

---

[3] As a threshold matter, the Second Circuit Court of Appeals has not "explicitly held whether state contracts law, as opposed to federal common law, applies to agreements settling federal claims." McNamara v. Tourneau, Inc., 464 F. Supp. 2d 232, 237 (S.D.N.Y. 2006); see also Monaghan v. SZS 33 Assocs., L.P., 73 F.3d 1276, 1283 n.3 (2d Cir.

Settlement agreements are strongly favored by New York courts and "may not be lightly cast aside." Willgerodt ex rel. Majority Peoples' Fund for 21st Century, Inc. v. Hohri, 953 F. Supp. 557, 560 (S.D.N.Y. 1997); see also U.S. v. Bank of New York, 14 F.3d 756, 759 (2d Cir. 1994) ("When a party makes a deliberate, strategic choice to settle, she cannot be relieved of such a choice merely because her assessment of the consequences was incorrect.").

It is well-settled that a settlement agreement is presumptively "binding and conclusive." Powell, 497 F.3d at 128. Accordingly, "[w]hen a party makes a deliberate, strategic choice to settle, a court cannot relieve him of that choice simply because his assessment of the consequences was incorrect." Id. (citation omitted). Critically, "[p]arties may enter into a binding contract orally, and the intention to commit an agreement to writing, standing alone, will not prevent contract formation." Id. at 129 (citing Winston v. Mediafare Entm't Corp., 777 F.2d 78, 80 (2d Cir. 1985)).

Where, as here, a party has entered into an agreement to settle, "the party cannot avoid the settlement by refusing to sign the papers that would memorialize the terms of the agreement[.]" U.S. Fire Ins. Co. v. Pierson & Smith, Inc., 2007 U.S. Dist. LEXIS 92192 (S.D.N.Y. Dec. 17, 2007). The fact that Plaintiff may have changed her mind and now attempts to reject the settlement is of no moment. Rahman v. Kaplan Cornelia, Inc., 2014 U.S. Dist. LEXIS 17449, at *10-11 (S.D.N.Y. Feb. 11, 2014). Indeed, "once a court finds that parties reached a settlement agreement, the prevailing view is that such agreement is binding on all parties, "even if a party has a change of heart between the time of the agreement . . . and the time it is reduced to writing." Id. at *10-11. "When a party makes a deliberate, strategic choice to

---

1996) (assuming, "without deciding, that New York law provides the rule of decision for determining the validity of the oral settlement agreement"). Nonetheless, the Second Circuit has often observed that with respect to fundamental contract principles, there is no material difference between New York and federal law. See, e.g., Ciaramella v. Reader's Digest Ass'n, Inc., 131 F.3d 320, 322 (2d Cir. 1997). "In practice . . . both the Second Circuit and its district courts have applied state law to settlements of federal claims, in part because there appear to be no material differences." McNamara, 464 F. Supp. 2d at 237.

9

settle, a court cannot relieve him of that choice simply because his assessment of the consequences was incorrect." Powell, 497 F.3d at 128.  Here, the parties reached an Agreement and Plaintiff must be required to abide by those terms.  Plaintiff's apparent second thoughts should have no bearing on the binding terms of the settlement.

**B.**     **The Settlement Reached By The Parties Is Binding And Enforceable.**

The Second Circuit utilizes a four part test to determine whether an oral agreement is enforceable.  Winston, 777 F.2d at 80.  The analysis is required "in the absence of a document executed by both sides."  Id.   These factors are: "(1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing."  Id. at 80 (internal citations omitted).  In this case, each Winston factor clearly demonstrates that Plaintiff and Defendants both agreed to be bound by the Agreement negotiated and agreed upon by the parties.

        **1.**     **Plaintiff Did Not Expressly Reserve Her Right Not to Be Bound In The Absence Of A Writing.**

The first Winston factor, which looks at whether either party expressly reserved their right not to be bound in the absence of a writing, weighs in favor of enforcing the agreement reached between the parties in this matter.  At no point during settlement negotiations did Plaintiff expressly reserve the right not to be bound by the settlement terms agreed upon in the absence of a writing. Rather, in this matter, after some negotiation, the parties reached an agreement regarding the terms to be included in the Agreement.  (Aron Decl., ¶¶15-16; LaDuca Decl., ¶¶7-10).  Indeed, Mr. LaDuca, who represented Plaintiff throughout the course of

negotiations, unequivocally asserts that a binding settlement was reached between the parties. (Aron Decl., ¶16; LaDuca Decl., ¶11).

That the parties agreed to memorialize the settlement in writing is insufficient to imply an intent not to be bound. As the court set forth in Kowalchuk v. Stroup, 61 A.D.3d 118, 122, 873 N.Y.S.2d 43, 47 (1st Dept. 2009), "the mere fact that that the parties intended to draft formal settlement papers is not alone enough to imply an intent not to be bound except by a fully executed document." Rather, the parties would have had to make an "explicit reservation that there would be no contract until the full formal document is completed and executed." Id.

Here, the parties drafted, negotiated and agreed to be bound by the terms of the Agreement. That Plaintiff refused to execute the Agreement is irrelevant as a binding, valid settlement was reached. Accordingly, the first factor is satisfied in favor of enforcing the settlement.

### 2. The Parties Undertook Partial Performance.

The second Winston factor looks at whether there has been partial performance of the settlement. Winston, 777 F. 2d at 80. "[P]artial performance is an unmistakable signal that one party believes there is a contract; and the party who accepts performance signals, by that act, that it also understands a contract to be in effect." R.G. Group, Inc. v. Horn & Hardart Co., 751 F.2d 69 (2nd Cir. 1984).

Here, actions taken by the parties confirm that the parties understood that the case was settled. See Rahman, 2014 U.S. Dist. LEXIS 17449, at *13, citing 22 N.Y. Jur. 2d, Contracts § 29 (2013) ("[i]n the formation of a contract, only the overt acts of the parties may be considered in determining mutual assent"). Specifically, the parties prepared, negotiated and finalized settlement documents to be executed by all parties, which included, but was not limited

11

to, a release of any and all claims under Title VII or the NYSHRL, and non-disparagement, confidentiality, no re-application, no re-hire and neutral reference provisions. (Aron Decl., ¶¶12-14).

In Williams v. City of New York, the Court found that there was partial performance because the settlement papers were drafted. 2015 U.S. Dist. LEXIS 136371, at *8 (E.D.N.Y. Sept. 9, 2015); see also Jackson v. Heidelberg L.L.C., 296 Fed. Appx. 102, 103 (2d Cir. 2008) (finding partial performance where defendant delivered to plaintiff a written agreement). Here, counsel for Defendants sent Mr. LaDuca, counsel for Plaintiff, a draft Agreement. (Aron Decl., ¶12; LaDuca, ¶7). After reviewing the Agreement with his client, Mr. LaDuca requested that Defendants add a neutral reference provision to the Agreement. (Aron Decl., ¶13; LaDuca Decl., ¶8). Defendants made the requested change and, on June 16, 2017, Defendants sent Mr. LaDuca a revised Agreement. (Aron Decl., ¶14; LaDuca Decl., ¶9). The parties' actions clearly demonstrate that the parties reached an Agreement as to the material terms of the settlement, and their act of exchanging drafts of the Agreement constitutes partial performance. Accordingly, the second Winston factor is satisfied in favor of enforcing the settlement.

### 3. The Settlement Agreed Upon Contained All Material Terms.

The third Winston factor examines whether all of the material terms of the Agreement were agreed upon. Winston, 777 F.2d at 80; see also Sprint Communs. Co. L.P. v. Jasco Trading, Inc., 5 F. Supp. 3d 323 (E.D.N.Y. 2014) (finding that disagreement as to even one material term in the agreement weighs in favor of finding that there was no binding agreement). Here, the revised Agreement sent to Plaintiff's counsel on June 16, 2017, contained all material terms, including, but not limited to, the release of claims; and non-disparagement,

12

confidentiality, no re-hire and neutral reference provisions. (Aron Decl., ¶¶12-14). Importantly, the terms set forth in the revised Agreement were agreed upon by all parties. (Aron Decl., ¶16; LaDuca Decl., ¶11).

Because the parties agreed to all material terms of the settlement, the third Winston factor is satisfied and the settlement should be enforced. See Steinfeld v. IMS Health Inc., 2014 U.S. Dist. LEXIS 56178, at *42-43 (S.D.N.Y. Feb. 14, 2014), adopted by, 2014 U.S. Dist. LEXIS 55420 (S.D.N.Y. Apr. 21, 2014) (holding that this factor weighs in favor of concluding the parties intended to be bound by the agreement where the language of the agreement contained "all essential terms.").

### 4. The Parties' Agreement Did Not Need To Be Reduced To Writing.

The fourth Winston factor looks at the complexity of the agreement, and whether the agreement at issue is one normally reduced to writing. In Nieves v. Cmty. Choice Health Plan of Westchester, Inc., 2011 U.S. Dist. LEXIS 132175 (S.D.N.Y. Aug. 31, 2011), the court stated that "[p]arties may enter into a binding contract orally, and the intention to commit an agreement to writing, standing alone, will not prevent contract formation." Rather, what controls "is the intent of the parties . . . to be bound [to the agreement] in the absence of a document executed by both sides." Id.

Here, there can be no question that the parties intended to be bound by the terms of the Agreement. Indeed, the parties negotiated the terms of the Agreement. In sum, the four factors of Winston clearly weigh in favor of a finding that the parties agreed to be bound by the settlement reached by the parties.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's complaint in its entirety with prejudice, enforce the parties' settlement and enter an order granting such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    JACKSON LEWIS P.C.
    666 Third Avenue, 29th Floor
    New York, New York 10017
    (973) 538-6890


    By:    s/Martin W. Aron
            Martin W. Aron

    ATTORNEYS FOR DEFENDANTS

Dated: October 12, 2017
4811-3572-4625, v. 2