UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

BETHANY BARRETT,

        Plaintiff,

-VS-                                                    Civil Action No.: 17-CV-6542

GREATER ROCHESTER IMMEDIATE
MEDICAL CARE, PLLC, D/B/A
ROCHESTER IMMEDIATE CARE AND
CHRISTOPHER PAGAN,

        Defendants.

———————————————————

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND AND IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Dated:  January 3, 2018

        **THE CIMINO LAW FIRM, PLLC**
        **Attorney for the Plaintiff, Bethany Barrett**
        Michelle Y. Cimino
        855 Publishers Parkway
        Webster, New York 14580
        (585) 347-6200
        mcimino@cimino-law.com

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITES …………………………………………………………… II

PRELIMINARY STATEMENT ……………………………………………………… **1**

LEGAL ARGUMENT ………………………………………………………………… **2**

CONCLUSION ……………………………………………………………………… **4**

# TABLE OF AUTHORITIES

**Cases**                                                                              **Page(s)**

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544, 555-56 (2007) ………………………………………..    2

*Bormann v. AT & T Communications, Inc.,*
875 F.2d 399 (2d Cir. 1989)……………………………………    3

*Spring Communs. Co. L.P. v. Jasco Trading, Inc.,*
5 F. Supp. 3d 323 (E.D.N.Y. 2014)………………………………..    3

*Winston v. Mediafare Entm't Corp,*
*777 F.2d 78 (2d Cir. 1985)* …………………………………………..    3


**Statutes**

Title VII of the Civil Rights Act of 1964, (Title VII"),
     42 U.S.C. Sections 2000e, <u>et seq.</u> …………………………    1

New York Human Rights Law ("NYSHRL"),
     New York Executive Law Sections 290, et. seq. …………………    1


**Other Authorities**

Fed R. Civ. P. 12(b)(6) …………………………………………    1, 2

## Preliminary Statement

This Memorandum of Law is submitted in in opposition to the Defendants', Greater Rochester Immediate Medical Care ("GRIMC") and Christopher Pagan ("Pagan") (collectively, Defendants") Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. After the parties' efforts to settle failed, the Plaintiff, Bethany Barrett ("Plaintiff" "Barrett") acting *pro se* filed a Complaint against the Defendants alleging discrimination, harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e, *et seq.* ("Title VII") and the New York State Human Rights Law, New York Executive Law Sections 290 *et seq.* ("NYSHRL").

Simply put, the Defendants have not established a basis for dismissal here. The Defendants have set forth an extensive factual and procedural background that is essentially accurate except that the Plaintiff did not give her former counsel, Anthony LaDuca, Esq., authority to offer the dollar figure at issue nor did she agree to other terms contained in the seven (7) page draft Negotiated Settlement Agreement & General Release ("Agreement"), therefore, there can be no acceptance to form a binding contract. There is a clear factual dispute as to whether the parties reached a binding settlement on all material terms.  Accordingly, there is no agreement to enforce and the Defendants' motion must be dismissed.

The Defendants are not moving to dismiss based upon sufficiency of the pleading or whether the Plaintiff has pled all necessary elements of a sex discrimination and/or retaliation claim.  Therefore, the Plaintiff is not seeking permission to amend the Complaint at this time and these issues are not before the Court.

1

The Plaintiff requests that the Defendants' motion be denied in its entirety.

## **Legal Argument**

### **THE COURT SHOULD DENY THE DEFENDANTS' MOTION TO DISMISS BECAUSE THERE IS A CLEAR DISAGREEMENT OF MATERIAL TERMS OF THE PROPOSED DRAFT SETTLEMENT AGREEMENT**

On a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Defendants' sole argument in support of their application is that, based upon the Plaintiff's former attorney's representations that the Plaintiff agreed to all material terms, there is a binding verbal settlement agreement precluding the Plaintiff from bringing this action. The Plaintiff clearly states in her Declaration that she never released her claims in a valid oral or written agreement, therefore, there is a dispute as to the material terms of the proposed draft Agreement meaning there is nothing to enforce here and her action should be allowed to move forward. (Declaration of Bethany Barrett – "Barrett Decl.", paragraphs 6-8).

The inquiry here is not whether the terms of the draft Agreement were clear or whether the Plaintiff had sufficient time to review the Agreement, etc., the question is whether a deal was ever reached. The Plaintiff was represented by counsel but maintains that she did not authorize Mr. LaDuca to accept the dollar figure in the Agreement nor did she know or accept all the proposed terms. Barrett never agreed to sign the waiver because she never accepted the terms of the entire offer, therefore, there is no basis to

2

dismiss her complaint on this ground.

   The Plaintiff is not disputing that if the parties reached a valid release, the Plaintiff would be barred from bring this action.   The bottom line is that the parties never entered into an agreement to settle.  The Plaintiff did not have a change of heart, rather, she never authorized the deal in the first place.  It is well-settled that if there is a disagreement as to even one material term in an agreement, there is no binding agreement.  *See Spring Communs. Co. L.P. v. Jasco Trading, Inc.*, 5 F. Supp. 3d 323 (E.D.N.Y. 2014). Accordingly, the Defendants' arguments as to whether the Plaintiff "knowingly and voluntarily" released her claims under *Bormann v. AT & T Communications, Inc.*, 875 F.2d 399 (2d Cir. 1989) is completely misplaced because it assumes that the Plaintiff agreed to all material terms of a global resolution but then later refused to sign the written Agreement.  That is not the case here.

  Similarly, it is irrelevant whether the proposed oral Agreement should be enforced as, once again, the Plaintiff's position is that she not agree to the material terms of the proposed Agreement and, in fact, met with another attorney for a second opinion. (Barrett Decl., paragraph 7).   Finally, applying the factors under *Winston v, Mediafare Entm't Corp.*, 777 F.2d  78 (2d Cir. 1985), regarding the issue of enforceability, the proposed Agreement at issue is sophisticated and detailed and is one that is normally reduced to writing.  It is standard for complex negotiations of this nature to be reduced to writing as there are many provisions normally included in such agreements such as the tax implications of the settlement amount, a confidentiality clause, a non-disparagement clause, precise wording about all potential statutory claims waived, etc.  Thus, the *Winston* factors do not weigh in favor of a binding verbal agreement that should be

enforced by this Court.

### Conclusion

For the foregoing reasons, the Plaintiff's claims should not be dismissed and this Court should deny the Defendants' motion in its entirety.

**Dated:  January 3, 2018**                **THE CIMINO LAW FIRM, PLLC**


By:   _____*s/Michelle Y. Cimino*_____
       Michelle Y. Cimino
       855 Publishers Parkway
       Webster, New York 14580
       (585) 347-6200
       mcimino@cimino-law.com

TO:   Martin W. Aron, Esq.
      Jackson Lewis P.C.
      220 Headquarters Plaza
      East Tower, 7th Floor
      Morristown, New Jersey 07960-6834
      (973) 538-6890
      Martin.Aron@JacksonLewis.com

4